The opinion of the court was delivered by
Brewer, J.:
The question in this case is as to the validity of certain proceedings had under § 116 of the Executors Act of 1859, (Comp. Laws, p. 529.) The question arises on demurrer, and the facts alleged in the pleading demurred to are substantially as follows: One R. S. McCubbin was the patentee of the land in controversy. In October 1859, he sold and conveyed it to John Hamner. Hamner did not pay the purchase-money, and on Sept. 8th 1860, to secure it, he and Matilda Hamner his wife executed a mortgage on the land for $1,180. Thereafter John Hamner died, and his widow, now one of the plaintiffs in error, was duly appointed administratrix. Thereafter she filed her petition under said § 116, and obtained an order to redeed the land upon surrender of the note and mortgage, and in pursuance thereof she executed a deed as administratrix, and McCubbin surrendered the note and mortgage. Was this 'order of the probate court ultra vires, and the deed made in pursuance thereof void? Sec. 114 of the same act reads, “If any person die, having purchased real estate, and shall not have completed the payment, * * * and the completion of such payment would be beneficial to the estate, * * * the executor or administrator, by order of the probate court, may complete such payment out of the assets in his hands, and such estate shall be disposed of as other real estate.” Sec. 115 authorizes the sale under certain circumstances of the right, title, and interest of the deceased. Sec. 116 reads, “If such real estate has been purchased from individuals, the court may, if they believe it advantageous to the estate, order the same to be relinquished to such indi *530 vidual on the most advantageous terms that can be agreed upon.” Sec. 117 authorizes a similar relinquishment in case the purchase was of school lands. Sections 118 and 119 then provide, that in case a person die, having mortgaged his real estate, the court may under certain circumstances order the payment of the mortgage out of the personal assets, or a public sale of the right, title and interest of the estate in the property.
It cannot be denied that these last two sections apply to a case like the present; but they do not authorize a relinquishment, and only permit a public sale. The question is, whether the preceding sections are also applicable. And surely, the case comes within the very letter of the statute: “If any person die, having purchased real estate, and not having completed the payment.” John Hamner died, having purchased real estate, and not having completed the payment. True, he had received a deed in fee, and given a mortgage to secure the purchase-money. But the law regards the substance, and not the form of the transaction. The statute is silent as to the instruments by which the transaction is accomplished, or the facts evidenced. It does not specify a bond for a deed, or exclude a conveyance in fee, with mortgage back. It reaches directly to the absolute facts, and ignores the form and the instruments. It seems to us, therefore, that said § 116 was applicable to the facts as stated, and authorized the proceedings had. It will be unnecessary therefore to consider the other questions raised as to the statute of limitations, and the estoppel.
The judgment will therefore be affirmed.
All the Justices concurring.